IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA           *

v.                                 *   Criminal Action No. RDB-20-15

TAMUFOR NCHUMULUH ST. MICHAEL, *

*Defendant.*                       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Before this Court is the Defendant Tamufor Nchumuluh St. Michael's *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 81), which was filed on February 8, 2024. Concluding that he is ineligible for a sentence reduction, the Court DENIES the *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 81)

## BACKGROUND

On July 2, 2021, St. Michael pled guilty to the following two counts: conspiracy to export defense articles, in violation of 18 U.S.C. § 371 (Count 1); and a violation of the Arms Export Control Act, in violation of 22 U.S.C. § 2778 (Count 2). (ECF No. 46.) His Sentencing Guideline range was 46 months to 57 months of imprisonment, based on an offense level of 23 and a criminal history category of I. (ECF No. 55.) On August 18, 2023, this Court sentenced St. Michael to 30 months' imprisonment as to Count 1, and 30 months' as to Count 2, to run concurrently, for a total term of 30 months. (ECF No. 72.) On February 8, 2024, he filed the *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 81). While the Motion remained pending, St. Michael was released. *See Find an Inmate*, FEDERAL

BUREAU OF PRISONS, https://www.bop.gov/inmateloc/# (search by register number 64877-037).

## ANALYSIS

Through his *pro se* filing,[1] Defendant Tamufor Nchumuluh St. Michael moves for a reduction of his sentence. (ECF No. 81.) Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality," however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *Dillon v. United States*, 560 U.S. 817, 826 (2010). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines. Amendment 821 is a multi-part amendment. As relevant here, Part B to Amendment 821 provides a mechanism for certain zero-point offenders—i.e., criminal defendants with no criminal history points—to obtain a two-level reduction of their offense level. U.S.S.G. § 4C1.1. However, to be eligible for this reduction, zero-point offenders must meet each of the criteria enumerated in the amendment, *id.* § 4C1.1(a)(1)–(a)(10), including "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose

---

[1] Defendant has filed his submission *pro se*. Such filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense. *Id.* § 4C1.1(a)(7). Here, while Defendant was a "zero-point offender," (ECF No. 55), the criteria set forth in U.S.S.G. § 4C1.1(a)(7) expressly precludes him from receiving a sentence reduction, as he pled guilty to an extensive international arms smuggling operation that lasted for a period of more than one and a half years.[2] As such, his *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 81) is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant Tamufor Nchumuluh St. Michael's Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 81) is DENIED. It is SO ORDERED this 10th day of July, 2025.

/s/
Richard D. Bennett
United States Senior District Judge

---

[2] Even if St. Michael was eligible for the two-level reduction, which would bring his offense level to a 21, with his criminal history category remaining at I, his Sentencing Guideline range would be 37 months to 46 months imprisonment. In other words, St. Michael received a sentence—30 months' imprisonment—that was well below the range prescribed by the Sentencing Guidelines.

3